# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2136
_____

United States of America

*Plaintiff - Appellee*

v.

April Paw

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota – Northern

_____

Submitted: March 16, 2023
Filed: June 13, 2023
[Unpublished]

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

April Paw pled guilty to conspiracy to distribute a controlled substance (methamphetamine) in violation of 21 U.S.C. § § 841(a)(1) and 846. The presentence investigation report (PSR) recommended a guideline range of 87 to 108 months. However, a 10-year statutory mandatory minimum moved the guideline "range" to

120 months. The district court[1] found Paw's criminal history was underrepresented and departed upward. The resulting guideline range was 121 to 151 months of imprisonment. The district court sentenced Paw to 151 months of imprisonment. Paw appeals, arguing the district court committed a procedural error by not explaining the departure and abused its discretion in ordering a substantively unreasonable sentence. We affirm.

I.

Paw spent most of her childhood at a refugee camp in Thailand before moving to the United States when she was 22. Paw was the victim of domestic violence both at the refugee camp in Thailand and in the United States. After living for a few years in Minnesota, she moved to South Dakota and began working at a manufacturing plant. After having a child, Paw stopped working at the manufacturing plant and began selling methamphetamine.

On May 12, 2020, Paw was arrested for distribution of methamphetamine. Paw was housed in the Brown County Jail in Aberdeen. While Paw was in the county jail, law enforcement received multiple tips that Paw was actively trying to recruit cell mates to sell methamphetamine and Paw was continuing to "call[] the shots" from inside the jail. Paw posted bail on October 24, 2020. After Paw was released, a confidential informant told law enforcement that Paw was planning to receive methamphetamine from a Minnesota supplier. Law enforcement arrested the supposed supplier who identified Paw as the "boss lady." Paw was arrested again on November 6, 2020, and subsequently released on a personal recognizance bond. On October 4, 2021, she pled guilty to a single count of conspiracy to distribute a controlled substance. She was sentenced in May 2022. Paw complied with all rules of release during the fifteen months she was out on a personal recognizance bond.

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

The PSR originally recommended a total offense level of 29 and a criminal history category of I. The resulting range would have been 87 to 108 months. A statutory mandatory minimum moved the guideline "range" to 120 months. U.S.S.G. § 5G1.1(b). Paw did not file objections to the presentence report. Before sentencing, the district court filed a memorandum noting that the court was "disturbed by the facts that the defendant was continuing to sell illegal substances from the Brown County jail and attempting to recruit other sellers of drugs who were in custody. All of these constitute other very serious crimes. A criminal history category of I serious[ly] understates the actual criminal history of the defendant. This will provide notice that I will be considering an upward departure or upward variance as to Ms. Paw." Both Paw and the government recommended a 120-month sentence.

At sentencing, the district court noted: "I find that her criminal history category of I is inadequate and does not represent the scope and breadth of the Defendant's criminal activities, including recruiting others already in custody to sell drugs and trying to obtain drugs—further drugs herself. And so what is her actual proper criminal history category? If you translate the 120-month minimum, we're dealing with a criminal history category of approximately IV, which has a range of 121 to 151 months. And I find that a IV is the proper criminal history category for this Defendant. Not a III, not a II, but IV." The district court went on to reiterate that Paw's actions in the jail were not only serious but also unusual. The district court then addressed Paw's mitigation argument, finding Paw's assertion that she needed to sell drugs to stay at home with her newborn was not persuasive. The district court then sentenced Paw to 151 months' imprisonment.

Defense counsel objected to the departure "to criminal history category IV because it would ignore any opportunity for deterrence that a conviction could have had for Ms. Paw. . . ." The court overruled the objection, noting "I'm relying on what I talked about largely in connection with her activities while in the Brown County Jail. She was committing numerous other crimes there."

Paw makes two arguments on appeal. First, she argues the district court committed a procedural error by not explaining how it arrived at criminal history category IV. Second, she argues the sentence is substantively unreasonable because it did not account for mitigating circumstances.

## II.

"Pursuant to USSG § 4A1.3, a court may impose an upward departure if 'reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.'" United States v. Sullivan, 853 F.3d 475, 479 (8th Cir. 2017) (citation omitted). We review a departure under § 4A1.3 for abuse of discretion. United States v. Azure, 536 F.3d 922, 930 (8th Cir. 2008). The district court did not abuse its discretion by departing upward after noting Paw's uncharged criminal conduct from the jail. See id. at 931.

If a district court chooses to depart it must adequately explain any departure—failure to do so may be a significant procedural error. Azure, 536 F.3d at 932. There is no set amount of explanation required. "While we do not require a 'ritualistic exercise in which the sentencing court mechanically discusses each criminal history category it rejects en route to the category that it selects,' the sentencing court 'must adequately explain why it concludes the intermediary categories fail to meet the purposes of § 4A1.3.'" Sullivan, 853 F.3d at 479 (citation omitted). Because failure to explain a departure is a procedural error, "we review the district court's factual findings for clear error and its application of the guidelines de novo." Sullivan, 853 F.3d at 479.

The district court did not commit a procedural error by failing to explain the departure in more detail. In this case, the district court noted an upward departure was necessary because: "I guess I've never had a case in the 27 years I've been on the bench where someone is stupid enough to be trying to recruit other prisoners and to obtain further drugs to be sold illegally when they're in jail." The district court's

explanation is sufficient given how the mandatory minimum changed the calculus and how the district court discussed Paw's conduct in the jail. See e.g., United States v. Cooke, 853 F.3d 464, 473 (8th Cir. 2017) ("[W]e have previously upheld nonextensive explanations of upward departures so long as the district court 'adequately explained [its] rationale for the sentence imposed.'" (citation omitted)).

Finally, the sentence is not substantively unreasonable. "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. White, 816 F.3d 976, 987 (8th Cir. 2016) (citation omitted). All relevant factors were presented to the district court and the district court did not consider any improper factors. It was within the district court's discretion to not give more weight to Paw's history of abuse or other mitigating evidence.

III.

Accordingly, we affirm the judgment of the district court.

_____

-5-